ceeds of the sale of materials saved by them and sold by Bowne and Curry. That there be allowed to the boats Union, Water Witch, and Caroline $150.60, being the one-half of the proceeds of sales of materials saved by them and sold by Bowne and Curry. That the marshal restore that part of the cargo remaining unsold to the master for and on account of whom it may concern. That the clerk pay the costs and expenses of the suit, the wharfage, storage, and bills for labor out of the proceeds of sales in court, and restore the residue to the master for and on account of whom it may concern.

## Case No. 10,034.

### NATIONAL BANK v. COLTON.

[Cited in Cronkhite v. Herrin, 15 Fed. 890. This is a state case, and is reported sub nom. National Bank v. Cotton, 53 Wis. 31, 9 N. W. 926.]

## Case No. 10,035.

### NATIONAL BANK v. DODGE.

[The case reported under above title in 25 Int. Rev. Rec. 304, is the same as Case No. 10,-053.]

NATIONAL BANK–NOTE CO. (TAPPAN v.). See Case No. 14,100.

NATIONAL BANK–NOTE CO. (TOPPAN v.). See Case No. 14,100.

NATIONAL BANK OF CLEVELAND v. SIMMONS. See Case No. 3,062.

## Case No. 10,036.

### NATIONAL BANK OF COMMERCE v. BOOTH.

[5 Biss. 129.] [1]

Circuit Court, N. D. Illinois. June, 1870.

NOTES—BANKRUPTCY OF MAKER—ACTION AGAINST INDORSER.

1. In Illinois, the indorsee of a promissory note, the maker of which has been adjudicated bankrupt, may proceed at once against the indorser.

2. The case is not similar to that of a deceased maker of a note, where the holder must pursue the estate of the maker in the probate court.

Assumpsit against Alfred Booth as indorsee of a promissory note of Barnum, Mason & Co.

BLODGETT, District Judge. Judgment must go against the defendant in this case. Mr. Booth is sued as the indorser of a promissory note made by the firm of Barnum, Mason & Co. He pleads that Barnum, Mason & Co. have been thrown into bankruptcy, and that their assets are in the hands of the assignee and will produce fifty cents on the dollar, and insists that the holders of the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

note can not proceed against him as indorser until they have exhausted the assets in bankruptcy.

The statute of this state provides that an indorser shall not be liable unless the holder shall have used due diligence by the institution and prosecution of a suit against the maker of a note, except under certain conditions. In this case, the institution and prosecution of a suit against Barnum, Mason & Co. is entirely impossible, they having been by the act of their creditors, declared bankrupts, adjudicated as such, and no suits on their old indebtedness could be maintained against them.

It was contended very strenuously on the part of the defendant in this case, that the case was similar to that of a deceased maker of a note; and there are some adjudications of Indiana and Kentucky to the effect that the holder of the note must first pursue the estate of the deceased in the probate court, and exhaust his remedy against the estate of the deceased in the surrogate or probate courts; but on examination, I find the statute of Illinois is broader than the statutes of Indiana and Kentucky, and it seems to convey the idea that the institution and prosecution of a suit against the maker of the note is the diligence, or kind of diligence, that is required to fix the liability of the indorser. There being no adjudicated case to sustain the position taken by counsel for defendant in this case, I am inclined to hold to the doctrine that sufficient is shown by the declaration in this case,—by the averment of the bankruptcy of the makers of the note,—to dispense with any diligence against them. Judgment for plaintiff.

NOTE. The statute referred to will be found in 1 Gross (1871) p. 461, § 5. For the present statute, see Rev. St. 1874, p. 719, § 7. These provide if "such suit would have been unavailing," when brought against the maker, the indorser shall be immediately liable.

NATIONAL BANK OF COMMERCE (MERCHANTS' NAT. BANK v.). See Case No. 9,446.

NATIONAL BANK OF FAYETTEVILLE (MEAD v.). See Case No. 9,366.

## Case No. 10,037.

### NATIONAL BANK OF FREDERICKSBURG v. CONWAY et al.

[1 Hughes, 37; 14 N. B. R. 175, 513.] [1]

Circuit Court, E. D. Virginia. June 6, 1876.

DEEDS—ACKNOWLEDGMENT—INTEREST OF NOTARY—BANKRUPTCY—ASSIGNMENT EXECUTED.

1. A notary public is competent to acknowledge and certify a deed of trust, although he is interested as one of the beneficiaries in the trust.

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 14 N. B. R. 175, 513, contains only a partial report.]